Alexa RUSSELL, on behalf of her son; George W. Russell, on behalf of his son; Laak Russell, a minor, Plaintiffs—Appellants,

v.

DEPARTMENT OF EDUCATION, State of Hawaii; Patricia Hamamoto, in her Official Capacity as Superintendent of Schools; Board of Education,

State of Hawaii Department of Education, Chairperson of the Board of Education, State of Hawaii; Does 1–100, Defendants—Appellees.

No. 04–15482.

D.C. No. CV–03–00654–HG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided June 29, 2006.

———

Alexa Russell, Kapaau, HI, pro se.

George W. Russell, Kapaau, HI, pro se.

Laak Russell, Kapaau, HI, pro se.

Aaron H. Schulaner, Holly T. Shikada, Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before B. FLETCHER, HALL, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Appellants Alexa and George W. Russell (the "Russells") appeal the district court's dismissal of their complaint against, inter alia, the State of Hawaii's Department of Education for violations of the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. §§ 1041 *et seq.* We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and remand this case to the district court for additional proceedings.

The parties are familiar with the facts of this case, which we do not recite in detail. The district court granted appellees' motion to dismiss, holding that appellants must retain counsel in order to bring a claim under the IDEA. The appellants, still *pro se,* pursued an appeal. After briefing was completed, appellants obtained counsel, who submitted several letters citing to supplemental authorities pursuant to Federal Rule of Appellate Procedure 28(j) and appeared on their behalf at oral argument. During argument, appellants' counsel indicated he would not likely be able to continue to represent his clients on remand.

At this point, the parties have not joined issue on many of the crucial arguments in this case. Moreover, it is unclear whether the district court adequately considered appellants' entitlement to counsel under the *in forma pauperis* statute. *See* 28

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S.C. § 1915. Although the district court granted appellants *in forma paupers* status with respect to fees, there is no indication of a ruling on appellants' request for appointment of counsel.

We remand to the district court with instructions to reinstate the complaint and to determine whether to appoint counsel for appellants or grant leave and adequate time for the Russells to find new counsel.

REMANDED for proceedings consistent with this disposition.